

FILED

June 6, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS



Time 8:00 AM

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **DOUGLAS WILLIFORD,** | ) | |
| **Employee,** | ) | **Docket No. 2016-06-1933** |
| | ) | |
| **v.** | ) | **State File No. 7386-2015** |
| | ) | |
| **NEW BERN TRANSPORT,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

## COMPENSATION ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This claim came before the Court on June 5, 2017, for oral argument of New Bern Transport, d/b/a Pepsi Company's (Pepsi) Motion for Summary Judgment. Mr. Williford did not file a response to the motion or attend the hearing. The determinative legal issue is whether Mr. Williford's claim is time-barred by the statute of limitations. The Court holds that Mr. Williford failed to timely file his claim for workers' compensation benefits and grants Pepsi's Motion for Summary Judgment.

## History of Claim

This claim concerns a left-knee injury Mr. Willford suffered while working as a driver for Pepsi. On December 10, 2014, Mr. Willford injured his left knee while working. Pepsi initiated temporary disability payments and provided medical benefits with Dr. David Moore. Dr. Moore diagnosed Mr. Williford with a medial meniscal tear, performed arthroscopic surgery, placed him at maximum medical improvement on May 7, 2015, and assigned an impairment rating of 1% to the body as a whole. Pepsi made its last temporary disability payment on May 22, 2015, and paid the last medical bill on June 9.

Shortly after Dr. Moore released Mr. Williford and assigned him an impairment rating, Pepsi offered to settle the claim. Mr. Williford, who returned to work for Pepsi, declined the offer, believing that it was too low.

On October 11, 2016, more than one year after Pepsi made both its last temporary disability and medical benefit payments, Mr. Williford filed a PBD seeking permanent disability and medical benefits. In the PBD and his affidavit in support of this request for expedited hearing, Mr. Williford stated that he did not know his medical care would be discontinued or his case closed because the statute of limitations expired. He also expressed difficulty getting in touch with the insurance adjuster handling his claim. He felt it was unfair that the insurer closed his case. Mr. Williford filed a Petition for Benefit Determination (PBD) and requested an expedited hearing.

On April 20, 2017, this Court entered an expedited hearing order after conducting a review of the case file. In its order, the Court held that Mr. Williford would be unlikely to prevail at a hearing on the merits in proving the compensability of his claim. The Court based its ruling on the finding that Mr. Williford failed to file a PBD within the statute of limitations in Tennessee Code Annotated section 50-6-203(b)(2) (2016). Pepsi then filed this Motion for Summary Judgment.

**Findings of Fact and Conclusions of Law**

Motions for summary judgment are governed by Tennessee Rule of Civil Procedure 56.04, which provides for entry of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof as follows:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1)     Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2)     Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015); *Payne v. D and D Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016).

If the moving party meets its burden of negating an essential element or demonstrating evidence is insufficient, then the injured employee, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his or her] favor[.]" *Rye v. Women's Care Ctr. of*

2

*Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Thus, if Pepis meets its burden of proof, Mr. Williford must do more than simply show some "metaphysical doubt" as to the material facts. *Id.* In reaching its decision, the Court must focus on evidence Mr. Williford has presented at the summary judgment stage, "not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id*.

An essential element of Mr. Williford's claim includes proving he timely filed his PBD. In a workers' compensation case where the employer voluntarily pays benefits, the Workers' Compensation Law provides that the employee's "right to compensation shall be forever barred" unless the employee files a PBD within one year after "the date of the last authorized treatment or the time employer ceased to make payment of compensation to or on behalf of the employee." Tenn. Code Ann. § 50-6-203(b)(2) (2016). The employer has the burden of producing facts to show that the statute of limitations bars a claim. Once the employer establishes those facts, the employee must prove that an exception exists or the claim is barred. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008) (citing *Ingram v. Earthman*, 993 S.W.2d 611, 633; *Jones v. Coal Creek Mining & Mfg. Co.*, 180 S.W. 179, 182 (Tenn. 1915).

In its statement of material facts, Pepsi included the following: (1) Mr. Williford's accident occurred on December 10, 2014; (2) he reached maximum medical improvement on May 7, 2015; (4) Pepsi made its last voluntary benefit payment on June 9, 2015; and (5) Mr. Williford filed a PBD on December 14, 2016. His filing clearly occurred after the statute of limitations expired.[1] Accordingly, the facts support Pepsi's statute of limitations defense and it is entitled to summary judgment unless Mr. Williford proves an exception that extends the statute. Mr. Williford failed to do so as he did not file a response to the motion or attend the hearing. Accordingly, the Court grants Pepsi's Motion.

**IT IS, THEREFORE, ORDERED** as follows:

1. Pepsi's Motion for Summary Judgment is granted.

2. Mr. Williford's claim is dismissed with prejudice.

3. The Court assesses the $150 filing to fee to Pepsi pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2017), for which execution may issue as necessary.

---

[1] The file in this case has two Petitions for Benefit Determination, one file-stamped October 11, 2016, and one file-stamped December 14, 2016. Both filings occurred after the statute of limitations expired.

4. Pepsi shall prepare and submit the SD-1 for this matter within ten calendar days of the date of judgment.

**ENTERED ON THIS THE 6TH DAY OF JUNE, 2017.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __6th__ day of June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Douglas Williford | X | | X | 7637 Kemberton Dr. East Nolensville, TN 37135 dougstepbay@sbcglobal.net |
| John R. Lewis | | | X | john@johnlewisattorney.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**